# Supreme Court of Florida

---

No. SC2023-0434

---

**IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULES OF PROCEDURE.**

September 7, 2023

PER CURIAM.

On March 21, 2023, The Florida Bar's Family Law Rules Committee filed a report proposing amendments to Florida Family Law Rules of Procedure 12.070 (Process), 12.280 (General Provisions Governing Discovery), and 12.340 (Interrogatories to Parties).[1]  The Committee approved the proposed amendments to rule 12.070 by a vote of 17-1-2, and to rules 12.280 and 12.340 by a vote of 10-0-4.  The Florida Bar Board of Governors unanimously recommended acceptance of the proposed rule amendments.

The Committee published its proposal for comment and received no comments.  After the proposed amendments were filed,

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

the Court published the proposal for comment; no comments were received. Having reviewed the Committee's proposal, we adopt the amendments as proposed. We discuss the more significant amendments below.

First, we amend rule 12.070(*l*) (Summons; Time Limit) to include supplemental pleadings. This makes the time limit for service in rule 12.070 applicable to supplemental pleadings.

Next, we amend rule 12.280(b) (Redaction of Personal Information) by adding "with the clerk of court" and "This does not apply to discovery information not filed with the clerk of court." This clarifies that the redaction requirement only applies to documents filed with the clerk of court. Also, we create a new subdivision (k) (Form of Responses to Written Discovery Requests) to address the form of responses to written discovery requests.

Additionally, we amend rule 12.340 by adding language to subdivision (h) (Service) to clarify the requirements for serving answers to interrogatories.

Accordingly, the Florida Family Law Rules of Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type. The amendments shall take effect on October 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Hon. Howard Ogle McGillin, Jr., Chair, Family Law Rules Committee, Palatka, Florida, Michael V. Andriano, Past Chair, Family Law Rules Committee, Lakeland, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly N. Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

## APPENDIX

## RULE 12.070.  PROCESS

**(a)  Issuance of Summons.**

(1)  *In General.* ~~On the commencement of the action, including proceedings to modify a final judgment, summons~~The summons or other process authorized by law must be issued and delivered for service immediately on the commencement of the action, including proceedings to modify a final judgment, by the clerk or judge under the clerk's or the judge's signature and the seal of the court ~~and delivered for service~~.

(2)  [No Change]

**(b)  Service; By Whom Made.** Service of process may be made by an officer authorized by law to serve process, but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process must make proof of service by affidavit promptly and ~~in any event~~ within the time during which the person served must respond to the process. Failure to make proof of service will not affect the validity of the service. When any process is returned not executed or returned improperly executed for any respondent, the party causing its issuance must be entitled to ~~such~~ additional process against the unserved party as is required to effect service.

**(c)  Service; Numerous Respondents.** If there is more than 1 respondent, the clerk or judge must issue as many writs of process against the ~~several~~ respondents as may be directed by the petitioner or the petitioner's attorney.

**(d) – (h)**  [No Change]

**(i)  Fees; Service of Pleadings.** The statutory compensation for making service ~~shall~~ cannot be increased by the simultaneous delivery or mailing of the copy of the initial pleading in conformity with this rule.

**(j) – (k)** [No Change]

**(l) Summons; Time Limit.** If service of ~~the initial~~ process ~~and~~on an initial or supplemental pleading is not made ~~upon~~ a respondent within 120 days after filing of the ~~initial~~ pleading directed to that respondent, the court, on its own initiative after notice or on motion, must direct that service be effected within a specified time or must dismiss the action without prejudice or drop that respondent as a party~~; provided that if~~. If the petitioner shows good cause or excusable neglect for the failure, the court ~~shall~~may extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended petition is filed, the 120-day period for service of amended petitions on the new party or parties ~~must~~ begins ~~up~~on the entry of an order granting leave to amend. A dismissal under this subdivision ~~shall~~is not ~~be~~ considered a voluntary dismissal ~~or~~and does not operate as an adjudication on the merits under rule 12.420(a)(1).

## RULE 12.280. GENERAL PROVISIONS GOVERNING DISCOVERY

**(a) Discovery Methods.** Parties may obtain discovery by 1 or more of the following methods: depositions ~~upon~~ oral examination or written questions; written interrogatories; production of documents or things or permission to enter on land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (d), the frequency of use of these methods is not limited, except as provided in rules 12.200, 12.340, and 12.370.

**(b) Redaction of Personal Information.** All filings of discovery information with the clerk of court must comply with Florida Rule of General Practice and Judicial Administration 2.425. This does not apply to discovery information not filed with the clerk of court. The court has the authority to impose sanctions for violation of this rule.

**(c) Scope of Discovery.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows~~:~~.

(1) – (6)  [No Change]

**(d) – (j)**  [No Change]

**(k)  Form of Responses to Written Discovery Requests.** When responding to requests for production served under rule 12.310(b)(5), written deposition questions served under rule 12.320, interrogatories served under rule 12.340, requests for production or inspection served under rule 12.350, requests for production of documents or things without deposition served under rule 12.351, requests for admissions served under rule 12.370, or requests for the production of documentary evidence served under rule 12.410(c), the responding party must state each deposition question, interrogatory, or discovery request in full as numbered, followed by the answer, objection, or other response. Requests must be arranged so that a blank space is provided after each separately numbered request. The space must be reasonably sufficient to enable the responding party to insert the responses within the space. If sufficient space is not provided, the responding party may attach additional pages with responses and refer to them in the space provided in the requests.

## RULE 12.340.  INTERROGATORIES TO PARTIES

**(a) – (g)**  [No Change]

**(h)  Service.** Interrogatories must be arranged so that a blank space is provided after each separately numbered interrogatory. The space must be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional pages with answers and refer to them in the space provided in the interrogatories. ~~The interrogatories~~Interrogatories must be served on the party to whom the interrogatories are directed and copies must be served on all other parties. A certificate of service of the interrogatories must be filed, giving the date of service and the name of the party to whom they were directed. The answers to the interrogatories must be served on the party originally propounding the interrogatories and a copy must be served on all other parties by the answering party. The original or any copy of the answers to

interrogatories may be filed in compliance with Florida Rule of General Practice and Judicial Administration 2.425 and rule 12.280(j) by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.

**Commentary**

[No Change]

**Committee Note**

[No Change]